UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRANSFIELD ER CAPE LTD.,

                      Plaintiff,

    - against -

STX PAN OCEAN CO. LTD.,

                      Defendant.
------------------------------------------------------------X

Case No.: 09 CV 1250 (JGK)

**DEFENDANT STX PAN OCEAN CO. LTD.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO VACATE WRIT OF MARITIME ATTACHMENT AND DISMISS THE VERIFIED COMPLAINT**

## PRELIMINARY STATEMENT

Defendant STX PAN OCEAN CO. LTD. ("STX") respectfully submits this Memorandum of Law in support of its motion to vacate the writ of maritime attachment obtained by plaintiff in this case and to dismiss plaintiff's Verified Complaint ("Complaint"). STX respectfully submits that this motion should be granted and the writ of attachment should be vacated on equitable grounds because 1) a provisional attachment order issued by the Seoul Central District Court (the "Korean Attachment Order") prior to the commencement of this action prohibits STX from remitting payment allegedly owed by STX to Plaintiff; and 2) STX, in an effort to comply with the Korean Attachment Order and provide security to Plaintiff, has offered in good faith to pay the amount allegedly owed by STX to Plaintiff into an escrow account.

## STATEMENT OF FACTS

The facts upon which this motion is based are set forth in the accompanying Declaration of Nicholas Magali dated February 19, 2009 ("Magali Declaration").

## ARGUMENT

### I

### THE WRIT OF ATTACHMENT SHOULD BE VACATED, AND THE COMPLAINT DISMISSED BECAUSE THE PROCEEDINGS ARE DEFICIENT

Rule B(1)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") provides, in relevant part, that "[i]f a defendant is not found within the district ... , a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property – up the amount sued for - in the hands of the garnishees named in the process." Supplemental Rule E(4)(f) provides, in relevant part, "[w]henever property is arrested or attached, any person claiming an interest in it shall be

entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules." In order to sustain a maritime attachment, the plaintiff must prove that: (1) it has a valid prima facie admiralty claim against the defendant; (2) the defendant is not present in the district; (3) defendant's property can be found within the district; and (4) there is no maritime or statutory bar to the attachment. *Aqua Stoli Shipping Ltd. v. Gardner Smith PTY, Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006).

At the Rule E(4)(f) hearing, the defendant can attack "the complaint, the arrest, the security demanded, or any other alleged deficiency in the proceedings." *Sea Transport Contractors, Ltd. v. Industries Chemiques Du Senegal*, 411 F.Supp. 2d 386, 391 (S.D.N.Y 2006)(quotations omitted). The plaintiff has the burden to show that the attachment should not be vacated. *Aqua Stoli,* 460 F.3d at 445.

Here, the Complaint should be dismissed and the attachment order vacated on equitable grounds because of a fundamental deficiency in the proceedings, *i.e.,* Plaintiff's failure to set forth in its Complaint that 1) the Korean Attachment Order exists and was issued prior to the commencement of this action, and prohibits STX from making any payment to Plaintiff for any debt allegedly owed under the Charter, and 2) STX offered to enter into an escrow agreement pursuant to which STX would pay that amount allegedly owed by STX to Plaintiff under the Charter into an escrow account.

The Korean Attachment Order preventing STX from making any payment to Plaintiff for any debt allegedly owed under the Charter for any amount up to $3,395,216.00 was issued on or about January 29, 2008, which was approximately two weeks prior to the commencement of this action. *See* Korean Attachment Order, Exhibit "C" of the Magali Declaration.

It is important to note that the Korean Attachment Order arises out of a dispute to which STX is not a party. The dispute which gave rise to the Korean Attachment Order is between Plaintiff, as debtor, and Hanjin Shipping Co., Ltd., as creditor. *Id.* STX is an innocent party that simply has been directed by the Korean Attachment Order not to remit payment of the debt it allegedly owes Plaintiff directly to Plaintiff.

Furthermore, STX has acted in good faith by offering, in light of the Korean Attachment Order, to enter into an escrow agreement pursuant to which STX would remit the amount allegedly owed by STX to Plaintiff pending resolution of Plaintiff's dispute with Hanjin Shipping Co., Ltd. *See* Copies of email correspondence, annexed as Exhibit "C" of the Magali Declaration.

Despite being aware of the Korean Attachment Order, Plaintiff rejected STX's offer to provide security to Plaintiff by way of an escrow agreement and account, and instead commenced this action and obtained a writ of attachment from this Court.

It is respectfully submitted that his Court should not permit STX to be unfairly penalized for its compliance with the Korean Attachment Order. Sustaining the writ of maritime attachment would be manifestly unfair to STX and would likely cause great hardship and damage to STX's business through the seizure electronic funds transfers passing through New York banks originating from or intended for the benefit of STX. That would be an inequitable result given that STX is an innocent party that merely is attempting to comply with the valid Korean Attachment Order and that STX has made good faith efforts to resolve the matter by offering to enter into an escrow agreement with Plaintiff.

Furthermore, by offering to enter into an escrow agreement, STX has removed the purpose of the maritime writ of attachment issued by this Court. In *Aqua Stoli,* the Court of

Appeals confirmed the district court's equitable discretion to vacate maritime attachments when the plaintiff has already obtained sufficient security for the potential judgment, by attachment *or otherwise*. 460 F.3d at 445 (emphasis added); *see also Allied Mar., Inc. v. Rice Corp.*, 2004 WL 2284389, *2, 2004 U.S. Dist. LEXIS 20353 at *9 (S.D.N.Y. Oct. 12, 2004) (attachment may be vacated if a plaintiff cannot show he needs the security of the attachment to satisfy any judgment it may win in the underlying suit). In *Aqua Stoli,* the Court recognized that the purpose for allowing a plaintiff in a Rule B proceeding to seize assets in the US whether or not the defendant has substantial assets in a foreign country is because "plaintiffs may encounter difficulties in tracking them down." *Aqua Stoli*, 460 F.3d at 444. The Court further stated that "[s]hould it wish, [the defendant] has the option of relieving itself of this particular attachment by posting other security." *Id.*

Here, STX has proven that Plaintiff does not have to track down security for its claim. To the contrary, STX has offered to deposit the amount allegedly owed to Plaintiff into an escrow account pursuant to an escrow agreement. STX clearly is not attempting to avoid any of its obligations but it does not want to violate the Korean Attachment Order that was issued before Plaintiff commenced this action.

II

### THE ORDER OF ATTACHMENT SHOULD BE VACATED AND THE COMPLAINT DISMISSED UNDER THE PRINCIPLE OF INTERNATIONAL COMITY

It is respectfully submitted that this Court should exercise its discretion to give effect to the Korean Attachment Order under the principle of international comity, and thus vacate the writ of maritime attachment issued by this Court and dismiss the Complaint.

5

International comity is "the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation." *Hilton v. Guyot*, 159 U.S. 113, 163-64, 16 S.Ct. 139, 40 L.Ed. 95 (1895). Generally, concurrent jurisdiction in United States courts and the courts of a foreign sovereign does not require dismissal for reasons of international comity. *China Trade & Dev. Corp. v. M.V. Choong Yong*, 837 F.2d 33, 36 (2d Cir.1987). Even where the doctrine applies, it is not an imperative obligation, but a matter of discretion. *See Royal & Sun Alliance Ins. Co. of Can. v. Century Int'l Arms, Inc.*, 466 F.3d 88, 92 (2d Cir.2006). The principle of international comity has been applied to vacate maritime attachment orders. *See, e.g., Cunard Steamship Company, Limited v. Salen Reefer Services, A.B.*, 49 B.R. 614 (S.D.N.Y. 1985) (Court gave effect to Swedish bankruptcy order under principles of comity and vacated post-bankruptcy order of maritime attachment).

It is respectfully submitted that this Court should give effect to the Korean Attachment Order, which was issued prior to the commencement of this action, under the principle of international comity. It should be noted that the Korean Attachment Order specifically states that "in case the debtor has any objection against this decision, the debtor can raise the objection against the provisional seizure or apply for the cancellation." *See* Korean Attachment Order, Exhibit "C" of the Magali Declaration. Therefore, Plaintiff has an adequate remedy to contest the Korean Attachment Order should it choose to do so.

## CONCLUSION

Defendant STX respectfully requests that its motion be granted and that the writ of maritime attachment be vacated, and the Verified Complaint dismissed, together with such other and further relief as this Court deems fair and just.

Dated: February 19, 2009
      New York, New York

Respectfully submitted,

By _/s/ Nicholas Magali_
Christopher Carlsen (CC 9628)
Nicholas Magali (NM 5775)
CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 710-3900

Attorneys for Defendant